UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NUMBER: H-14-578-S(1) |
| RONALD DEWAYNE HADLEY | § | |

### PLEA AGREEMENT OF RONALD DEWAYNE HADLEY

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Jimmy Sledge Jr., Assistant United States Attorney, and the defendant, Ronald Dewayne Hadley, and his counsel, Assistant Federal Public Defender Genesis E. Draper, and pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Counts Two and Thirteen of the Superseding Indictment charging the defendant with defrauding the United States by filing false claims for income tax refunds in violation of Title 18, United States Code, Section 287. The defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either: (i) charged in the indictment, (ii) proved to a jury, or (iii) proven beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for each violation of Title 18, United States Code Section 287 is imprisonment of not more than ten (5) years and a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to

three (3) years for each violation. Title 18, U.S.C.§ 3559(a)(4) and § 3583(b)(2). The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the defendant may be imprisoned for up to two (2) years without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. § 3559(a)(4) and § 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended nor is he eligible for parole.

### Mandatory Special Assessment

3.  Pursuant to Title 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine, Reimbursement and Restitution

4.  The defendant understands that the Court may order restitution in any criminal case to the extent agreed upon by the parties. 18 U.S.C. § 3663(a)(3). Accordingly, the defendant agrees to pay, and consents to an order directing him to pay, restitution in the amount of **$317,790** to the Internal Revenue Service – the agency of the United States that suffered economic loss from the defendant's fraudulent conduct. Defendant also agrees to include with each restitution payment: (i) his name, (ii) the docket number for this case, and (iii) a statement that the payment is being made pursuant to the Court's restitution order. The defendant further agrees to send a contemporaneous notice of each restitution payment to: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO 64108.

Defendant agrees to sign any forms that the IRS considers necessary to enable the IRS to make any assessment of the amounts paid in restitution, including but not limited to IRS Form 8821 entitled "Tax Information Authorization." Defendant agrees not to file any claim for refund of taxes, penalties and interest included as a component of restitution paid under this agreement.

5. Defendant understands and agrees that the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and further agrees that he will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing and on any one or more subsequent occasions requested by the United States until the financial obligations imposed by the defendant's judgment in this case have been fully paid.

## Immigration Consequences

8. If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, removal, exclusion from admission to the United States, or the denial of naturalization. A plea of guilty may also result in the defendant being permanently barred from legally entering the United States after being deported, removed, and/or excluded. The defendant acknowledges and agrees that his attorney has advised him of potential immigration consequences resulting from his plea of guilty.

## Cooperation

9. The parties understand this agreement carries the potential for a motion for departure

under Section 5K1.1 of the *United States Sentencing Commission Guidelines Manual* (hereafter referred to as "Sentencing Guidelines" or "U.S.S.G."). The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. The defendant further agrees to persist in his plea of guilty through sentencing and the entry of judgment, to fully cooperate with the United States, and not to oppose the forfeiture of assets contemplated in the Forfeiture section of this agreement. The defendant understands and agrees that the United States may request that sentencing be deferred until his cooperation is complete.

10. The defendant understands and agrees that "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to the defendant. The defendant understands that such criminal activity includes both state and federal offenses committed personally and by others. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and the defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice.

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement.

(c) Defendant agrees to voluntarily attend any interviews and conferences that the United States may request.

(d) Defendant agrees to provide truthful, complete and accurate information and testimony, and understands that any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes.

(e) Defendant agrees to provide and/or assist the United States in obtaining all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands the he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea of guilty.

## Waiver of Appeal

11. The defendant is aware that he has the right to appeal the conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence. The defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to any proceedings authorized by Title 28, United States Code, Section 2255. If the defendant files, or instructs his attorney to file, any post-conviction proceeding attacking his conviction or sentence, the defendant understands and agrees that the United States will seek specific performance of the waivers in this plea agreement of his right to appeal his sentence or conviction and his right to file any post-conviction proceedings attacking his conviction or sentence.

12. In exchange for this Agreement with the United States, the defendant waives with respect to all transactions incorporated within the above-captioned indictment and the relevant conduct underlying the defendant's United States Guidelines Sentencing range all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to prosecution of the transactions underlying the above-captioned indictment that is not time barred on the date that this Agreement is signed so that the United States may reinstate

prosecution of the defendant if (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.

13. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

14. The defendant understands and agrees that any and all waivers contained in this plea agreement are made in exchange for the concessions made herein by the United States.

## The United States's Agreements

15. The United States agrees to each of the following:

(a) The defendant's relevant conduct was undertaken with an intention to cause economic harm for sentencing purposes of **approximately $811,710** within the meaning of Section 2B1.1(b)(1) of the United States Sentencing Commission's Guidelines Manual ("U.S.S.G.") with the parties remaining free to argue the applicability of other sections of the U.S.S.G.; the defendant understands, however, that any agreement between the United States and defendant regarding his relevant conduct is not binding upon the U.S. Probation Office or the U.S. District Court;

(b) If the United States District Court determines that the defendant's offense level is 16 or greater and it further determines that the defendant qualifies for an adjustment

             under U.S.S.G. Section 3E1.1(a), the United States will move that defendant receive an additional one-level downward adjustment based on the timeliness of the plea;

(c)     The United States will not seek an upward departure from the applicable guideline range as finally determined by the Court;

(d)     The United States will not oppose a sentence at the low-end of the applicable guideline range as finally determined by the Court; and

(e)     If the Court accepts this plea agreement and the defendant fully complies with it and persists in his plea of guilty through sentencing and entry of judgment, the United States will dismiss all remaining charges in this case after he is sentenced and will not charge the defendant with any further offenses in connection with the preparation of tax returns for calendar/tax years 2010 through 2012 (the years covered by the tax loss stipulation and restitution agreed to herein).

### United States' Non-Waiver of Appeal

16.     The United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and with Title 18, U.S.C. Section 3553(a); and,

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

17.     Defendant is aware that the sentence will be imposed after the Court's consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that

the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which defendant pleads guilty and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable U.S. Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the U.S. Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of his obligations under this plea agreement.

## Rights at Trial

18. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree;

   (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If a witnesses for the defendant declined to appear voluntarily, he could require their attendance through the subpoena power of the court; and

   (c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

19. Defendant is pleading guilty because he is guilty of the charges set forth in Counts Two and Thirteen of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the defendant's guilt:

Between on or about October 12, 2011 and on or about July 1, 2013, in the Houston Division of the Southern District of Texas, Ronald Dewayne Hadley filed approximately 135 false income tax refund claims with the Internal Revenue Service (IRS), an agency of the United States Treasury Department, in his own name and in the names of other people (hereinafter "taxpayers"), to wit: Beginning in the Fall of 2011, Hadley, acting knowingly and in concert with others known and unknown, conceived and executed a scheme to prepare and electronically file false and fraudulent income tax returns each of which falsely reported that the indicated "taxpayers" were "barbers" who had earned no wages but had received tens of thousands of dollars of dividend income from "supplies," had paid thousands of dollars of withholding taxes on that dividend income, and were entitled to receive to a refund of all of the fictitious withholding taxes. Hadley obtained taxpayer identification information both directly from "taxpayers" as well as indirectly through co-conspirators, both known and unknown, who themselves had obtained taxpayer identification information from various sources with the intention and expectation that such information would be used to submit false tax returns to the IRS and generate fraudulent refunds that would be shared by and among the co-conspirators. Hadley and others acting in concert with him obtained debit cards in the names of the "taxpayers" whose identities were used to electronically file false refund claims with the IRS on their behalf anonymously via public wi-fi access provided by local fast-food restaurants and a coffee shop. Hadley placed debit card routing numbers on the false tax returns successfully inducing the IRS to credit fraudulent refunds to debit cards, and then he and his co-conspirators harvested the proceeds of these false and fraudulent refund claims by using the debit cards to withdraw the proceeds from a number of local bank ATMs and by using the debit cards to pay debts and to pay for goods and services at businesses spread across Central, North and Northwest Houston and throughout Houston's Third Ward. In furtherance of the conspiracy, Hadley committed the following false claims offenses in violation of Title 18, United States Code, Section 287:

**Count 13:** One of the earliest e-filed false refund claims that Hadley submitted to the IRS, was a fraudulent "barber" tax return filed on or about October 17, 2011 in the name of Robert Moses (with a falsely indicated Isabella Street home address of another co-conspirator) falsely reporting dividend income of $17,850 from "supplies" and seeking a refund of approximately $5,300 in non-existent withholding taxes that was materially false in that it resulted in a refund of $5,660 being paid and received and used in part by Hadley to make payments on school tuition, a bail bond for a state charge, and a "payday" loan.

**Count 2:** Very soon thereafter, on January 1, 2012, Hadley prepared a fraudulent "barber" tax return – in his own name and reflecting his West Road home address – which was received electronically by the IRS on or about January 19, 2012; that false U.S. Individual Income Tax Return – Form 1040A reported bogus ordinary dividends from "supplies" of "$23,456" that was also material in that it, too, generated a fraudulent refund of non-existent income tax withheld of approximately $6,632.

Hadley's conspiracy with others known and unknown to submit these and other materially false income tax refund claims to the IRS continued to generate fraudulent refunds until February 2013 when the IRS discovered that "barber" returns seeking full refunds of withholding taxes on dividends from "supplies" were fraudulent and stopped Hadley and his conspirators' theft of funds from the National Treasury. Between October 12, 2011 and July 1, 2013, when a conspirator sent him a text message asking if "We gone try next year r what," Hadley e-filed false refund claims with the IRS totaling about **$811,710** of which about **$317,790** was ultimately stolen, not recovered and consumed by the conspirators.

In violation of Title 18, United States Code, Sections 287 and 2.

### Determination and Resolution of Tax, Penalty and Interest Obligations

20. Defendant agrees that the tax loss figures above for relevant conduct and restitution in this criminal case are not binding on the IRS for civil purposes. Defendant understands that the IRS may civilly audit his personal U.S. Individual Income Tax Returns for any year, including 2012, and may seek additional taxes as well as penalties and interest for that and other years. Defendant agrees and understands that this plea agreement, in which defendant pleads guilty to submitting false income tax refund claims for others does not and cannot resolve any civil tax liabilities on defendant's own U.S. Individual Income Tax Return(s) or those of anyone else. Defendant agrees that the amounts to be paid in restitution in this case apply to tax losses on returns submitted to the IRS for others and cannot be applied to any taxes, penalties, or interest that defendant may owe. Defendant agrees not to file any claim for refund of any amount ordered paid as restitution in this case. Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Claims Court seeking a refund, offset, or other recovery of the amounts ordered or paid in restitution in this case. Defendant agrees to cooperate fully with the Internal Revenue Service in

determining his own income tax liabilities as well those of others in whose names he submitted false income tax refund claims; the defendant agrees to obtain and make all books, records, and documents available to the Internal Revenue Service for use in computing the civil tax liabilities of any taxpayer. Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due for any time period or taxpayer. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, or compromise defendant's obligation to the pay any civil liability, including additional taxes, penalties, or interest.

## Breach of Plea Agreement

21. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement and the defendant's plea will stand. If at any time defendant violates her conditions of bond/release; retains, conceals, or disposes of assets in violation or hindrance of this plea agreement; or knowingly withholds evidence or is otherwise not completely truthful with the U.S. Probation Office, the Court or the United States, then the United States may move the Court to reinstate prosecution of the dismissed counts and may also seek the maximum statutory sentence for the offense of conviction. Any information and documents disclosed by defendant prior or subsequent to this plea agreement, and all leads derived therefrom, can be used against defendant in any prosecution and at sentencing notwithstanding any U.S.S.G. Section 1B1.8 agreement.

22. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

**Complete Agreement**

23. This written plea agreement, consisting of thirteen (13) pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on this ___ day of _____, 2015.

_____
RONALD DEWAYNE HADLEY
Defendant

Subscribed and sworn to before me on this 28th day of August, 2015.

DAVID J. BRADLEY
CLERK OF COURT

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Jimmy Sledge, Jr.
Assistant United States Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
TEL: 713/567-9735
Email: jimmy.sledge@usdoj.gov

FEDERAL PUBLIC DEFENDER'S OFFICE

_____
Genesis E. Draper
Attorney for Ronald Dewayne Hadley
The Lyric Center
440 Louisiana, Suite 1350
Houston, Texas 77002
TEL: 713/718-4600
Email: Genesis_Draper@fd.org

Page 12 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER: H-14-578-S(1) |
| | § | |
| RONALD DEWAYNE HADLEY | § | |

**Plea Agreement - Addendum**

I have fully explained to defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____    8/28/15
Genesis E. Draper, Attorney for Defendant    Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    8-28-15
Ronald Dewayne Hadley, Defendant    Date

Page 13 of 13